Harvey E. MILLER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7804.

Court of Appeals of Alaska.

March 29, 2002.

Kirsten J. Bey, Assistant Public Defender, Nome, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

John R. Vacek, District Attorney, Nome, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Sometime in late 1998, Harvey E. Miller entered his eight-year-old niece's bedroom, slipped his hand under the covers, and placed his hand over her genital area (outside her clothing). Originally indicted for second-degree sexual abuse of a minor (sexual contact with a child under the age of 13) [1], Miller pleaded no contest to the reduced charge of attempted second-degree sexual abuse of a minor. Because Miller had a previous conviction for second-degree sexual abuse of a minor, he faced a 2–year presumptive term of imprisonment. [2]

At sentencing, Miller's attorney proposed mitigating factor AS 12.55.155(d)(9)—that Miller's conduct was among the least serious within the definition of attempted second-degree sexual abuse. Superior Court Judge Ben J. Esch ruled that Miller had failed to prove this mitigator by clear and convincing evidence. Miller now appeals this ruling. He advances two arguments in support of mitigator (d)(9).

First, Miller argues that he engaged in only minimal misconduct. As stated in the pre-sentence report, Miller placed his hand on the girl's genital area and held his hand motionless there for some length of time before withdrawing it. Miller contends that his misconduct was unplanned and impulsive, that his act of abuse was brief, and that he voluntarily ceased his abusive touching before the victim protested.

There is nothing in the record to support Miller's assertion that he did not plan the act of abuse. He went into his niece's bedroom at night and began touching her when he

thought she was asleep. Judge Esch could reasonably conclude that Miller's act of abuse was premeditated.

With regard to Miller's assertion that his act of abuse was minimal, Judge Esch pointed out that Miller had pleaded no contest to *attempted* sexual contact, not the completed crime. Thus, even minimal abusive touching—or, conceivably, no touching at all—could fall within the core definition of the offense. Judge Esch conceded that Miller's argument might have some force if Miller had touched some extremity of his victim's body—for instance, her ankle—with the intention of gradually moving to sexual contact. But Miller admittedly commenced by touching his victim's genital area. Because of this, Judge Esch declared, Miller had failed to prove by clear and convincing evidence that his conduct fell among the least serious encompassed by the definition of attempted second-degree sexual abuse.

On appeal, the question is whether Judge Esch's ruling is clearly erroneous. [3] We conclude that it is not, and we therefore uphold the judge's ruling.

Miller's second argument is that he believed that his victim was asleep, and therefore his conduct was factually closer to the offense of attempted third-degree sexual assault under AS 11.41.425(a)(1)(C)—engaging in sexual contact with a person who the offender knows is unaware that a sexual act is being committed. (In support of this argument, Miller took the stand at the sentencing hearing and testified that he mistakenly believed that his niece was asleep when he touched her.)

Miller points out that attempted third-degree sexual assault (a class A misdemeanor) is a lesser class of offense than attempted second-degree sexual abuse of a minor (a class C felony). From this, he argues that his conduct must be among the least serious within the definition of attempted second-degree sexual abuse. But Miller's

---

**1.** *See* AS 11.41.436(a)(2).

**2.** *See* AS 12.55.125(e)(1).

**3.** *See Lepley v. State,* 807 P.2d 1095, 1099 n. 1 (Alaska App.1991).

argument is premised on a misunderstanding of the relationship between the *actus reus* of sexual assault and the *actus reus* of sexual abuse of a minor.

At common law, the crime of rape included sexual penetration with a woman who was insensible—*i.e.*, a woman who had fainted, or was asleep, or was so intoxicated as to be "utterly senseless".[4] But when the Alaska legislature revised our criminal code in 1978, they enacted a definition of sexual assault that apparently did not cover this situation.

In AS 11.41.410(a)(1), the legislature defined the crime of first-degree sexual assault as "engag[ing] in sexual penetration with another person without consent of that person".[5] In everyday usage, the phrase "without consent" might be interpreted to include situations in which the victim failed to give their consent because they were insensible and thus unaware of the sexual penetration. But in AS 11.41.470(3) (the 1978 version), the legislature defined "without consent" in a specialized way that generally required proof that the victim was aware of the penetration. According to this statute,

"without consent" means that a person

(A) with or without resisting, is coerced by the use of force against a person or property, or by the express or implied threat of imminent death, imminent physical injury, or imminent kidnapping to be inflicted on anyone; or

(B) is incapacitated as a result of an act of the defendant.

SLA 1978, ch. 166, § 3.[6] Thus, the definition of first-degree sexual assault does not encompass sexual penetration with an insensible victim. Instead, the legislature has made this conduct a lesser crime: second-degree sexual assault under AS 11.41.420(a)(3)(B)-(C).

Similarly, sexual contact perpetrated "without consent"—*i.e.*, through coercion—constitutes second-degree sexual assault[7],

while sexual contact with an insensible victim is third-degree sexual assault under AS 11.41.425(a)(1)(B)-(C).

 In contrast, the offense of sexual abuse of a minor (in its various degrees) does not involve questions of consent, coercion, incapacitation, or unconsciousness. Sexual penetration or sexual contact with a minor under the age of 16 is unlawful even if the minor initiates the sexual act and fully consents to it. The statutes defining sexual abuse of a minor contain no separate provision or degree of crime for sexual activity with minors perpetrated by coercion, nor do these statutes contain a separate provision or degree of crime for sexual activity with minors who are incapacitated or unaware that sexual activity is occurring.

 If the sexual act is coerced, the defendant's conduct will *also* constitute sexual assault in some degree. Similarly, if the minor is incapacitated or unaware of the sexual act, then (again) the defendant's conduct will *also* constitute sexual assault in some degree. But even without coercion, incapacitation, or unconsciousness, the sexual conduct will still constitute sexual abuse of a minor.

Thus, even if Miller honestly believed that his victim was asleep, this only means that he arguably committed two crimes: attempted second-degree sexual abuse of a minor (for attempting to engage in sexual contact with an eight-year-old), and perhaps attempted third-degree sexual assault (for attempting to engage in sexual contact with a person whom he believed to be unaware that a sexual act was occurring).

(We do not decide whether these facts actually constitute the crime of attempted third-degree sexual assault. That question presents legal issues that the parties have not addressed. For present purposes, it is sufficient to decide that Miller's conduct was

---

4. *See* Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* (3rd edition 1982), pp. 212–13.

5. *See* SLA 1978, ch. 166, § 3.

6. This statute is now renumbered as AS 11.41.470(8). In 1983, the statute was amended

to delete the adjective "imminent" before the words "death" and "kidnapping". *See* SLA 1983, ch. 78, § 5.

7. AS 11.41.420(a)(1).

in no sense mitigated by the fact that he may also have committed a separate crime.)

For these reasons, we uphold Judge Esch's ruling that Miller failed to prove mitigating factor (d)(9) by clear and convincing evidence. The sentencing decision of the superior court is AFFIRMED.